IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PIERRE WATSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 20-cv-545-NJR |
| ) | |
| SHANNON WOLF, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Pierre Watson, an inmate of the Federal Bureau of Prisons ("BOP") currently being held at Randolph County Jail on a court writ, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 claiming his current confinement is unlawful and seeking immediate release.

Watson makes the following allegations in his Petition: He is currently being held at Randolph County jail on a court writ from the BOP for an evidentiary hearing in his Section 2255 Petition, currently pending before the United States District Court Eastern District of Missouri. His evidentiary hearing has been continued due to the Covid-19 pandemic. While being housed at Randolph County, Watson is at risk of contracting Covid-19 and has underlying health conditions, including asthma, high blood pressure, and high cholesterol, which he alleges puts him at additional risk. He seeks immediate release pending the determination of his Section 2255 Petition.

The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Without commenting on the merits of Watson's claim, the Court concludes that the Petition survives preliminary review

1

under Rule 4 and Rule 1(b). Given the limited record, it is not plainly apparent that Watson is not entitled to habeas relief.

**IT IS HEREBY ORDERED** that Respondent Shannon Wolf shall answer or otherwise plead on or before **July 29, 2020**.[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Watson is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  7/8/2020**

*Nancy J. Rosenstengel*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate during this litigation is a guideline only. *See* SDIL-EFR 3.