IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PIERRE WATSON, <br> # 0135714, <br>         Petitioner, <br><br> vs. <br><br> SHANNON WOLF, <br>         Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 20-cv-545-NJR <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Pierre Watson is currently incarcerated at the Randolph County Jail ("the Jail"). On June 9, 2020, he filed a *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, seeking immediate release based on his claim that conditions at the Jail expose him to serious health risks from the possibility of infection with COVID-19. (Doc. 1). A Response was filed, asserting that release from custody is not warranted, and release is not an available remedy based on a conditions of confinement claim. (Doc. 21). Watson filed a Reply. (Doc. 23). For the reasons explained below, Watson's Petition will be denied.

## BACKGROUND

Watson is a convicted federal prisoner serving an 84-month sentence imposed in the Eastern District of Missouri in June 2017. (Doc. 21, p. 2); *United States v. Watson*, Case No. 15-cr-440-AGF (E.D. Mo.). He was transferred from a Bureau of Prisons ("BOP") facility to the Jail in November 2019, to await an appearance at the evidentiary hearing on his pending motion for relief under 28 U.S.C. § 2255, in which he alleges ineffective assistance of counsel. (Doc. 1, p. 6; Doc. 21, p. 2); *Watson v. United States*, Case No. 19-cv-1545-AGF (E.D. Mo.). That hearing,

1

originally scheduled for January 2020, has been postponed several times due to the COVID-19 pandemic and is currently scheduled to take place on October 5, 2020. (Doc. 21, pp. 1-2, 18-20).

Watson suffers from and has been treated for asthma, high blood pressure, and high cholesterol. (Doc. 1; Doc. 21-1, pp. 69-71; Doc. 21-2, pp. 59-64; Doc. 21-4, pp. 4, 11-13). He alleges that these conditions, along with his age (42 years), place him at heightened risk of severe illness or complications if he should become infected with COVID-19. He asserts he should be granted habeas relief because the Jail conditions violate his Eighth Amendment rights in that COVID-19 testing is not available, inmates cannot practice social distancing, antibacterial soap and hand sanitizer are not available, showers and other surfaces are not adequately sanitized, and Jail officials do not follow safety guidelines related to the pandemic. (Doc. 1, pp. 6-11). Respondent asserts that the Jail has implemented procedures to mitigate the risk of COVID-19 infection including testing staff, quarantining newly arrived inmates, temperature checks, requiring staff and inmates to wear masks under appropriate circumstances, providing cleaning supplies and soap to inmates, and notes that no Jail inmate has tested positive during the pandemic.[1] (Doc. 21, pp. 3-5; Doc. 21-3). Watson further claims the delay in his Section 2255 evidentiary hearing violates his Fifth and Fourteenth Amendment due process rights. (Doc. 1, pp. 12-16).

## DISCUSSION

As a convicted federal prisoner, the ordinary avenues available to Watson to seek release from custody (other than a direct appeal) are a challenge to his conviction under 28 U.S.C. § 2255 (which is the pending matter that led to his transfer to the Jail), or a motion for compassionate

---

[1] Three staff members at the Jail tested positive, including a nurse; the employees were kept away from the Jail until they tested negative and inmates who saw the nurse were quarantined for one week. (Doc. 21-3, pp. 2-3).

release filed with the sentencing court under 18 U.S.C. § 3582(c)(1)(A) pursuant to the First Step Act. Watson filed his First Step Act Emergency Motion for Compassionate Release on July 29, 2020, invoking the same health reasons and COVID-19 risks that he relies on in the instant habeas action. (Doc. 423 in criminal case). That motion also remains pending. Under certain narrow circumstances, a federal inmate may use Section 2241 to challenge his conviction, *see In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998), but Watson is not doing so here. Instead, his claim is solely based on his conditions of confinement, which he alleges violate the Eighth Amendment's prohibition on cruel and unusual punishment. Conditions claims by prisoners are ordinarily brought in civil rights actions, not in habeas corpus. *See Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). In a civil rights case, unconstitutional conditions of confinement may be remedied by injunctive relief and/or damages, but release from custody is not available.

While some courts, including this one, have considered conditions of confinement as a factor in determining whether a detainee's imprisonment has become unconstitutional in the context of habeas corpus, Watson is not a detainee. In this regard, his situation is distinguishable from the cases he cites in support. (Doc. 1, p. 16; Doc. 23, pp. 6-8). *See, e.g., Mays v. Dart*, 2020 WL 1812381, Case No. 20-C-2134 (N.D. Ill. April 9, 2020), *vacated in part and remanded*, __ F.3d __, No. 20-1792, 2020 WL 5361651 (7th Cir. Sept. 8, 2020) (pretrial detainees brought combined habeas/42 U.S.C. § 1983 action; injunctive relief was granted based only on Section 1983 claims); *Chavez Garcia v. Acuff*, Case No. 20-cv-357-NJR (S.D. Ill. April 27, 2020) (granting release to immigration detainee).

In this case, the Court is not persuaded that Watson would be entitled to habeas relief in the form of release from custody, even if he could show that conditions at the Jail amount to deliberate indifference to his health in violation of the Eighth Amendment. He is serving a properly

imposed sentence of imprisonment that has not been overturned at this juncture. Whether his sentence will be vacated or altered is currently before the Eastern District of Missouri in the Section 2255 case and will be addressed there in due course.

It is significant that Watson currently has a request for compassionate release pending in the Eastern District of Missouri, in which he claims that conditions at the Jail and his underlying health issues warrant placing him on home confinement or a residential re-entry facility. While the relevant legal standards in that matter differ from those in the instant habeas case, this Court concludes that the sentencing court is the appropriate tribunal to determine Watson's eligibility for release based on the alleged risks to his health, within the provisions of the First Step Act. In light of this conclusion, the Court finds it unnecessary to analyze the merits of Watson's Eighth Amendment claim.

Finally, Watson does not have a cognizable due process claim based on the delays in his Section 2255 case. He again incorrectly refers to himself as a "detainee" and invokes Supreme Court cases that are inapplicable to his situation. (Doc. 23, p. 2). The scheduling of proceedings in the pending Section 2255 matter is within the sound discretion of the sentencing court, and this Court will not interfere in its operations.

CONCLUSION

For these reasons, Pierre Watson's Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**, and all pending motions are **DENIED as moot**. The dismissal is without prejudice to Watson pursuing his substantive claims before the Eastern District of Missouri. The Clerk of Court is directed to enter judgment accordingly.

If Watson wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for

leave to appeal *in forma pauperis* ("IFP") must set forth the issues Watson plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Watson does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Watson to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:** September 21, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

5