IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PIERRE WATSON, <br> # 135714, <br>       Petitioner, <br> vs. <br> SHANNON WOLF, <br>       Respondent. | Civil No. 20-cv-00545-DWD |

## MEMORANDUM and ORDER

**DUGAN, District Judge:**

This matter is before the Court on Petitioner Pierre Watson's Motion for Reconsideration Pursuant to Rule 59(e) or in Alternative Order [for] Transfer. (Doc. 28). Also before the Court is a Motion to Reconsider Motion to Compound and/or Intervene filed by non-party Oscar Dillon, III, who is a fellow inmate with Watson in the Randolph County Jail.[1] (Doc. 29).

After consideration of Respondent's Answer and Watson's Reply, the Court previously dismissed the Petition without prejudice to Watson pursuing his substantive claims before the Eastern District of Missouri. (Doc. 24).

While the Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider, such motions are routinely filed and generally construed as Motions to Alter or Amend an Order or Judgment under Federal Rule of Civil Procedure 59(e). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *U.S. v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992).

---

[1] The Court denied Dillon's motion seeking to intervene (Doc. 26) as moot because the instant habeas case had been closed before Dillon filed his motion. (Doc. 27).

1

Watson's motion was filed within 28 days of the entry of judgment and will be considered under Rule 59(e). *Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014).

Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

## Background

Watson is a convicted federal prisoner serving an 84-month sentence imposed in the Eastern District of Missouri in June 2017. *United States v. Watson*, Case No. 15-cr-440-AGF (E.D. Mo.). After his conviction and sentence were affirmed on direct appeal, he filed a motion for relief under 28 U.S.C. § 2255, in which he alleges ineffective assistance of counsel. *Watson v. United States*, Case No. 19-cv-1545-AGF (E.D. Mo.). Watson was transferred from a BOP institution to the Randolph County Jail in anticipation of an evidentiary hearing on the motion. The hearing was reset several times because of the COVID-19 pandemic. Most recently, it was set for October 2020. That setting was vacated on the Government's motion because voluminous discovery materials had recently been produced by Watson's attorney. Case No. 19-cv-1545-AGF, Docs. 127 & 134. The hearing has not been reset.

In his Petition, Watson alleges that his underlying health conditions along with his age (42) put him at risk of severe illness or complications should he become infected with COVID-19. He alleges that conditions at the Randolph County Jail violate his Eighth

Amendment rights because the Jail has not taken sufficient procedures to mitigate the spread of COVID-19. He also alleges that delays in setting the evidentiary hearing on his § 2255 motion violate his Fifth and Fourteenth Amendment due process rights.

The Court dismissed his Petition because Watson cannot challenge the conditions of his confinement in a § 2241 Petition. The Court noted that conditions of confinement are sometimes considered in determining whether a civil detainee's imprisonment has become unconstitutional, but Watson is not a civil detainee. He is, rather, a convicted prisoner serving a sentence of imprisonment. Therefore, the detainee cases relied upon by him are not relevant. (Doc. 24, p. 3).

Further, the Court noted that Watson has a motion for compassionate release pending in his criminal case. That motion relies on the same COVID-19 risks that he alleges here. The Court concluded that, under the terms of the First Step Act, the sentencing court is the appropriate court to consider a motion for compassionate release. Lastly, the Court determined that Watson does not have a cognizable due process claim arising from delays in his § 2255 case. (Doc. 24, p. 4).

## Analysis

Watson advances two grounds for reconsideration. First, he repeats his assertion that he is a detainee. Second, he claims that he has "new evidence."

Watson wants to be regarded as a detainee so that he can lever his way into having the Court consider whether the conditions of his confinement cause his confinement to be unconstitutional. He wants to be treated in the same manner as the petitioner in *Chavez Garcia v. Acuff*, Case No. 20-cv-357-NJR (S.D. Ill.). The petitioner in *Chavez Garcia* was a

3

civil detainee, held in ICE custody pending removal. In contrast, as this Court previously explained, Watson is serving a sentence of imprisonment and is therefore not a civil detainee.

Watson does not offer anything new in support of his argument that he is a civil detainee. The Court has already considered and rejected his position. A Rule 59 motion which merely rehashes the same argument is properly denied. *Oto v. Metropolitan Life Insurance Company*, 224 F.3d 601, 606 (7th Cir. 2000).

Watson's "new evidence" is an assertion that an inmate who had previously been diagnosed with COVID-19 was placed in his cellblock about two weeks before the Rule 59 motion was filed. Whether this assertion qualifies as "new evidence" is debatable. Watson offers nothing to substantiate his claim and does not suggest that this new inmate posed any risk of infection to Watson. Regardless, this purported new evidence goes to the conditions of Watson's confinement, and those conditions are not a matter for consideration in this case because Watson is not a civil detainee.

## Disposition

Petitioner Pierre Watson's Motion for Reconsideration Pursuant to Rule 59(e) or in Alternative Order [for] Transfer **(Doc. 28)** is **DENIED**. This case remains **DISMISSED WITHOUT PREJUDICE** to Watson pursuing his substantive claims before the Eastern District of Missouri. (See Doc. 24).

Watson's Motion Requesting Status Conference **(Doc. 32)** and the Motion to Reconsider Motion to Compound and/or Intervene filed by non-party Oscar Dillon, III, **(Doc. 29)** are **DENIED as moot**.

Petitioner Watson's filing of his Rule 59(e) motion suspended the deadline for filing a notice of appeal following the dismissal of the case. FED. R. APP. P. 4(a)(4). Now that the motion has been denied, if Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this court within 30 days of the date of this order. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). It is not necessary for Petitioner to obtain a certificate of appealability in an appeal from this Petition brought under § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATE: November 13, 2020**

_____
**DAVID W. DUGAN**
**United States District Judge**